COMMONWEALTH *vs.* THOMAS ROGERS.

When a fine is imposed in the court of common pleas on appeal from a conviction before a justice of the peace for selling intoxicating liquors, the attorney's fee, allowed by *St.* 1855, *c.* 215, § 17, is to be paid to the attorney who appeared for the Commonwealth before the justice, and not to the district attorney.

*It seems,* that in such a prosecution commenced in the court of common pleas, the attorney's fee upon conviction is to be paid by the district attorney into the treasury of the Commonwealth.

COMPLAINT to a justice of the peace on *St.* 1855, *c.* 215, for an unlawful sale of intoxicating liquor. At the trial before the justice, C. I. Reed, Esq., an attorney of this court, appeared for the Commonwealth. The defendant was convicted, and appealed to the court of common pleas, where the district attorney appeared for the Commonwealth, and the defendant was again convicted and sentenced. The justice of the peace, in the bill of costs taxed by him, allowed Mr. Reed ten dollars as an attorney's fee. The district attorney, in taxing the bill of costs for payment by the county treasurer, struck out this allowance, and taxed and allowed such a fee to himself; and upon this taxation the two attorneys submitted the question to the decision of the court of common pleas, and, by appeal, to this court.

*C. I. Reed, pro se.*

*L. F. Brigham,* (District Attorney,) *pro se.*

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

DEWEY, J. In the case in which this question of taxing an attorney's fee arises, upon the trial before the justice of the peace, there was a conviction of the party charged, and agreeably to the provisions of the Rev. Sts. c. 141, § 2, the costs were taxed by the justice. The costs thus taxed included ten dollars for an attorney's fee in favor of Mr. Reed, who had appeared before the justice and discharged the duties of attorney in behalf of the Commonwealth, and claimed this allowance by virtue of the provisions of St. 1855, c. 215, § 15. The defendant in that prosecution appealed from the judgment of the justice to the court of common pleas, where he was again tried and convicted, and upon such conviction the district attorney insisted that the ten dollars allowed by the justice to Mr. Reed should be stricken out and an allowance of the like amount be made to the district attorney for his own use and benefit.

The St. of 1855, c. 215, § 15, contains the only provision under which this allowance can be claimed by either of these parties. It is not contended that this sum is to be taxed more than once, and the question is to which of these parties it is to be taxed.

It is urged on the part of the district attorney that the effect of the appeal was to vacate the judgment of the justice. This is true to a certain extent; and if on the trial in the court of common pleas the defendant had been acquitted, it would have been fatal to the claim of Mr. Reed for the attorney's fee, as such taxation is made dependent upon a conviction and the imposition of a fine; and in case of an appeal, such conviction and imposition of a fine could only be in the appellate court. *Commonwealth* v. *Bundy*, 5 Gray, 305. But to whom is it to be allowed in the case of a conviction before the justice on an appeal therefrom, followed by a conviction in the appellate court?

As it seems to us, the person who has appeared before the justice has the prior and better right. He is first in point of time, he has procured a conviction, and his costs have been duly taxed by the justice. The conviction on the appeal has fixed the liability of the defendant to pay such attorney's fee

As there is but one attorney's fee to be taxed, if the first taxation is a proper one, there should be no new or further taxation of the same.

As between these claimants, there are other considerations which, were it not for the broad language of the statute, apparently making a provision for such taxation of a ten dollars' attorney's fee in cases originating in the common pleas, as well as those instituted before a justice of the peace, would have led us to suppose that this allowance was limited exclusively to an attorney, who appeared before a justice of the peace. In cases pending before that tribunal the government has no officer to discharge the duties of prosecuting attorney, and it might be thought necessary to make some further provision to secure a proper and sufficient presentation of the case in behalf of the government, and to this end to provide a mode for the payment of such services.

But in reference to criminal trials in the higher tribunals, as well in cases originating there, as in those coming there by appeal from a justice, the Commonwealth have their legal representative in the person of one officially appointed, whose services are remunerated by an annual salary, and whose duties are by the Rev. Sts. *c.* 13, § 38, declared to embrace " all cases, criminal or civil," in which the Commonwealth is a party. The Rev. Sts. *c.* 13, § 43, fix the salaries of district attorneys as originally established, and declare them to be " in full for all services rendered by them." Section 45 requires that they shall " account with the treasurer of the Commonweath for all fees, bills of cost, and moneys received by them by virtue of their offices." Section 46 provides further that they shall not " receive any fee or reward from or in behalf of any prosecutor, for services in any prosecution or business to which it shall be their official duty to attend." See *Commonwealth* v. *Gibbs*, 4 Gray, 146.

We cannot suppose that the legislature could have intended, by the *St.* of 1855, *c.* 215, to change the character of those officers from salaried officers to persons to be paid by perquisites either in whole or in part. It is against the whole policy of the law in reference to such officers, as the same has been understood since

their creation by the *St.* of 1832, *c.* 130. Their annual salaries have from time to time been enlarged as their labors have increased; but there has been, it is believed, no departure from this system of remuneration in relation to allowances to them for their ordinary duties in criminal cases. The only further allowance of any kind that has been made was that of thirty dollars allowed to the attorneys for the counties of Middlesex and Suffolk, for conducting proceedings against persons who should intrude beyond the line established and known as the commissioners' line, by the creation of wharves or other obstructions. Resolve of 1848, *c.* 76. Those were considered matters beyond the ordinary services of the district attorney.

Assuming that the language of the *St.* of 1855, *c.* 215, is broad enough to authorize, in cases where the prosecution originates in the court of common pleas, a taxation of an attorney's fee of ten dollars to the district attorney upon conviction of the party, such fee, in the opinion of the court, if paid, is to enure solely to the use of the Commonwealth, and if received by the district attorney, is to be accounted for with the Commonwealth. Rev. Sts. *c.* 13, § 45.

It is no sufficient answer to this, that by the terms of *St.* 1855, *c.* 215, § 15, there shall be paid ten dollars attorney's fee to the attorney who conducts the prosecution, to be taxed and allowed as a part of the costs, in each case where a fine is imposed under the statute. After the establishment of the salaries of district attorneys in 1832, certain fees, called attorney's fees, might still be taxed against persons who were convicted of offences and liable to a fine and costs, but when taxed they were either not drawn from the county treasury, or if taken were accounted for.

In the earlier *Sts.* of 1789, *c.* 45; 1800, *c.* 29, and 1813, *c.* 131, establishing salaries for the attorney general and solicitor general, though fees were still required to be taxed as against the parties convicted, as attorney fees, yet such fees were always required to be accounted for by those officers.

It would certainly be quite an anomaly for the Commonwealth to allow perquisites to a salaried officer for services clearly embraced, as these were, within the ordinary duties of

the office. These precise duties were required by the laws before the *St.* of 1855, *c.* 215, and paid for by the annual salary.

Such perquisite would be objectionable as an offer of reward to a public officer for doing what his official duty alone required him to do. Such stimulants to the faithful discharge of duty have not received the countenance of this court, holding, as we have, that no police officer of Boston could be the recipient of a reward offered by the city to secure the arrest and conviction of persons charged with crime. *Mead* v. *Boston*, 3 Cush. 404.

An allowance of ten dollars to the district attorney in these cases is not merely obnoxious to the objection that it is a perquisite beyond his fixed salary, which he is allowed to receive from the person convicted; but it is really taking from the public treasury the sum of ten dollars for services which he was bound to perform by the general duties of his office, in every case of conviction where the defendant from poverty or other cause fails to pay fine and costs, and suffers the alternative of imprisonment; as the taxed costs are allowed and paid to the officers entitled to them, without any reference to their having been actually paid by those upon whom they were assessed.

In any view we take of the case, it seems to us that the district attorney has no personal interest in the taxation of an attorney's fee in those cases. In the present case, the attorney's fee was properly taxed originally in favor of Mr. Reed by the justice before whom a conviction was had. Upon the appeal, that conviction being confirmed, the allowance of an attorney's fee was thereby secured to the attorney who had appeared before the justice, and it was the only attorney's fee to be taxed. Had the case originated in the common pleas, the same might have been taxed as a fee of the district attorney, and, when drawn from the treasury, accounted for "as money received by virtue of his office."

No question was made by the parties as to the form in which this question was brought before us, and we have confined our attention exclusively to the construction of the statute.

NOTE. By *St.* 1859, *c.* 200, so much of *St.* 1855, *c.* 215, § 15, as provides for the taxation, allowance and payment of an attorney's fee, is repealed.